Filed 12/15/22  P. v. Houx CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>VICTOR VON HOUX,<br><br>      Defendant and Appellant. | A165205<br><br>(Del Norte County Super. Ct. Nos. CRF97373C & CRF971892) |

### FACTUAL AND PROCEDURAL BACKGROUND

On September 26, 2008, the People filed a petition to commit Victor Von Houx under the Sexually Violent Predator Act (SVPA) (Welf & Inst. Code, § 6600 et seq.).[1]  The petition alleged that Houx was a sexually violent predator under the SVPA, i.e., that he had been convicted of a sexually violent offense and had a mental disorder predisposing him to engage in sexually violent predatory criminal behavior.  (See § 6600, subd. (a)(1).)  The factual basis for the petition consisted of allegations that Houx had been convicted of a series of sexually violent offenses since he was 16 years old in

---

[1] Our summary of the facts is largely drawn from our unpublished opinion in Houx's 2011 appeal, *People v. Houx* (Jan. 28, 2011, A126625) 2011 WL 140513, pursuant to California Rules of Court, rule 8.1115(b). Subsequent undesignated statutory citations are to the Welfare and Institutions Code.

1

1981. These convictions included one for sodomizing a minor for which he was sentenced to 10 years in federal prison. The act which led to the People filing the petition took place while Houx was out on parole in July 2008, when he was found in his residence with a 16-year-old girl. The trial court found against Houx and committed him as a sexually violent predator under the SVPA in October 2009.

Houx was committed to Coalinga State Hospital (CSH), and as required by law, CSH staff prepared annual evaluations of Houx's progress in addressing his mental condition from 2011 through 2019.[2] The examiners consistently noted Houx "has not sufficiently addressed his diagnosed mental condition" because he has "continually declined to participate in" the Sex Offender Treatment Program (SOTP).

Houx filed a motion to dismiss the petition on February 9, 2022. He noted he was presently incarcerated in the Fresno County Jail based on a drug possession charge that arose at CSH in January 2020. He argued that because he is now being held in county jail, he could no longer be a danger to the "public" as required for commitment under the SVPA because he now only has contact with other inmates and prison staff.

On April 7, 2022, the trial court held a hearing on Houx's motion during which Houx was not present. The trial court denied the motion after hearing oral argument by the prosecution.

Houx timely appealed on May 5, 2022.

---

[2] A person committed under the SVPA "shall have a current examination of his or her mental condition made at least once every year." (§ 6604.9, subd. (a).)

DISCUSSION

The independent appellate review of the record required in criminal cases when an appellant raises no identifiable issues (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436, 441–442 (*Wende*)) has no application in a civil commitment proceeding (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544 (*Ben C.*); *People v. Dobson* (2008) 161 Cal.App.4th 1422, 1428 (*Dobson*)).  *Wende* review is limited to a defendant's first appeal of right from a criminal conviction.  (*People v. Serrano* (2012) 211 Cal.App.4th 496, 498–499, 503.)

Several other appellate decisions have since extended *Ben C.*'s rationale to conclude that compliance with *Wende* is not required in cases involving related post-commitment proceedings.  (See *Dobson, supra*, 161 Cal.App.4th at p. 1422 [one committed following jury verdict finding of not guilty by reason of insanity does not have the right to *Wende* review on appeal from the denial of a restoration to sanity petition under Pen. Code, § 1026.2]; *People v. Taylor* (2008) 160 Cal.App.4th 304, 313 [*Wende* review is not required in appeals by mentally disordered offender challenging extended commitments, pursuant to Pen. Code, § 2960].)  The matter of *People v. Kisling* (2015) 239 Cal.App.4th 288, 291 (*Kisling*), is particularly relevant because there the appellate court held *Wende* review does not apply to appeals from denials of petitions for release from commitment under the SVPA.

Houx's counsel urges us to disregard *Kisling*.  We decline to do so.  No published authority has questioned whether *Kisling* remains good law, and Houx's counsel provides no basis for us to refuse to follow *Kisling* other than offering the legally unsupported assertion that this "hybrid civil/criminal case should be equated as sufficiently similar to a criminal matter involving the

3

substantial rights of the accused" such that it should receive *Wende* review. But, the *Kisling* court heard and rejected a very similar argument: "[D]efendant . . . asserts that [SVPA proceedings] are sufficiently similar to criminal proceedings to warrant the protections of *Wende* review. This argument cannot stand in light of the statement from the California Supreme Court in [*In re.*] *Sade C.* [(1996) 13 Cal.4th 952] limiting *Wende* to first appeals of right from *criminal convictions*." (*Kisling, supra*, 239 Cal.App.4th at p. 290, italics added.) Since this is not an appeal from a criminal conviction, we reject this argument as well.

Having concluded that we will follow *Kisling* and not afford *Wende* review to the instant matter, we now turn to whether the procedures applicable to a *Ben. C.* appeal have here been followed. We conclude they have. In *Ben C.* our Supreme Court held that "[i]f appointed counsel in a conservatorship appeal finds no arguable issues, counsel . . . should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law." (*Ben C.*, *supra*, 40 Cal.4th at p. 544.) In addition, "[t]he conservatee is to be provided a copy of the brief and informed of the right to file a supplemental brief." (*Id.* at p. 544, fn. 6.) The appellate court may then dismiss the appeal if there are no arguable issues. (*Id.* at p. 544.) Houx's counsel states that he has advised Houx as required under *Ben C.*, including his opportunity to file a supplemental brief.

Houx filed a supplemental brief on October 14, 2022, in which he asserts that since he has been confined in Fresno County Jail, he has not had access to any form of SOTP treatment or annual evaluations thereby denying him due process.

4

Although this court may properly dismiss this appeal on our own motion, we nevertheless have discretion to retain the appeal. (*Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. 8.) We have reviewed the record to the extent necessary to allow us to exercise that discretion. Counsel for the People below observed that Houx has not received annual SOTP evaluations for two years because he has for that time been a prisoner serving time for committing criminal acts while in CSH. As a result, so long as he does not reoffend, "[h]e holds the key to" being released and returning to CSH whereupon he will receive the annual reviews he is entitled to under the SVPA. Counsel for Houx offers no response to this argument.

We find no issues warranting further briefing or analysis.

## DISPOSITION

The appeal is dismissed.

_____
Van Aken, J.*


We concur:


_____
Richman, Acting P.J.


_____
Miller, J.


*People v. Houx* (A165205)


      * Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


6